IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Marie S. Hendry, Administratrix of the Estate of David J. Hendry, <br><br> Appellant, <br><br> v. <br><br> Maryann M. Hendry, <br><br> Appellee. | Case No. 08-cv-00232 (SLR) |

**LIMITED RESPONSE TO MOTION FOR RELIEF
FROM STANDING ORDER REGARDING MEDIATION**

Marie S. Hendry, Administratrix of the Estate of David J. Hendry (the "Appellant"), hereby responds to Appellee, Maryann M. Hendry's (the "Appellee") Motion for Relief from Standing Order Regarding Mediation [Docket No. 4] (the "Motion"), and states as follows:

1. The Appellant does not take a position on the relief requested in the Motion as to whether or not a mediation should be held in the instant case. However, the Appellant would like to address several inaccurate assertions made in the Motion by the Appellee.

2. The Appellant denies the assertions made by the Appellee in the Motion that the claims against the Appellee were frivolous and wholly lacking in legal merit under Delaware law. The Appellant has cited to Delaware case law to support her claims against the Appellee in prior litigation between the parties. The Appellee's refusal to acknowledge such case law does not render the claims against her as meritless.

3. The Appellant further denies the Appellee's contention that a basis for Bankruptcy Court's granting of summary judgment to the Appellee was that there was no specific res existing upon which a constructive trust could be imposed and that no evidence was presented that

Appellee was unjustly enriched.

4. The Appellant firmly believes that her claims against the Appellee are well grounded in Delaware law and that the Bankruptcy court erred in finding there was no triable issue of fact with regard to those claims.

5. In the Motion, the Appellee argues that mediation of this matter would be futile and would serve no useful purpose. If mediation in this matter is in fact futile, then it is only because of the Appellee's deeply entrenched and unreasonable position that she has no liability, whatsoever, on the claims asserted by the Appellant.

6. In the event the Court denies the Motion and orders mediation to proceed, the Appellant objects to the request of the Appellee that the costs should be shifted completely to the Appellant.

7. Pursuant to the Order of this Court, dated July 23, 2004, the cost of the mediation is to be shared equally between the appellant and the appellee. The Appellee offers no justification, in the Motion, for relief from this Order.

WHEREFORE, in the event mediation proceeds, the Appellant respectfully requests this Court to deny the Appellee's request to shift the costs of mediation solely to the Appellant.

Dated: May 28, 2008                         FERRY, JOSEPH & PEARCE, P.A.

                                            /s/ Jason C. Powell
                                            JASON C. POWELL, ESQUIRE (No. 3768)
                                            824 Market Street, Suite 904
                                            P.O. Box 1351
                                            Wilmington, DE 19899
                                            Tel: (302)575-1555
                                            E-mail: jpowell@ferryjoseph.com
                                            Attorney for Appellant, Marie S. Hendry

## CERTIFICATE OF SERVICE

I, Jason C. Powell, certify that I am not less than 18 years of age, and that service of the foregoing Limited Response to Motion for Relief from Standing Order Regarding Mediation was made on May 28, 2008, upon the following parties in the manner indicated:

*BY FIRST CLASS MAIL:*

Erin K. Brignola, Esquire
Cooper Levenson
Fox Run Shopping Center
30 Fox Hunt Drive
Bear, DE 19701

Richard L. Abbott, Esquire
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, DE 19707

Under penalty of perjury, I declare that the foregoing is true and correct.

/s/ Jason C. Powell
Jason C. Powell, Esquire (No. 3768)