IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| Gordon G. Hendry, | ) Bank. No. 06-11364 (JKF) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| Marie S. Hendry, Administratrix of the Estate | ) |
| of David J. Hendry | ) |
| | ) |
| Appellant, | ) |
| | ) Civ. No. 08-232-SLR |
| v. | ) |
| | ) |
| Maryann M. Hendry, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM ORDER**

At Wilmington this 21st day of December, 2009, having reviewed the papers filed

in connection with the above captioned bankruptcy appeal;

IT IS ORDERED that the appeal is **denied** and the order of the bankruptcy court

dated **March 19, 2008** is **affirmed**, for the reasons that follow:

1. **Standard of review.** The court has jurisdiction to hear an appeal from the

bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues

on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

findings of fact[1] and a plenary standard to that court's legal conclusions. *See Am. Flint*

---

[1] "A factual finding is clearly erroneous when 'the reviewing court on the entire
evidence is left with the definite and firm conviction that a mistake has been
committed.'" *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir.2003) (citing

*Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

2

demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3. **Background.** Appellant Marie S. Hendry ("appellant"), as administratrix of the estate of David J. Hendry ("decedent"), appeals from an order of the bankruptcy court entered on March 19, 2008, granting summary judgment to a third-party defendant in an adversary proceeding, Maryann M. Hendry ("appellee"). Appellee is the wife of the debtor in the bankruptcy proceeding, Gordon G. Hendry ("debtor"). This appeal involves a longstanding dispute over rental income from a shopping center between the debtor and his father, the decedent. The bankruptcy court dismissed the claims against appellee with prejudice in an order that was unaccompanied by an opinion. But at oral argument on the cross-motions for summary judgment held on January 29, 2008, the bankruptcy court concluded the third party complaint against

3

appellee was barred by the statute of limitations. (D.I. 2, ex. 12 at 44)

4. The shopping center at issue in this dispute is located in Millcreek Hundred, New Castle County, Delaware, and was initially owned solely by the decedent. (D.I. 10 at 6; D.I. 12 at 4) A deed was purportedly executed by the decedent on January 29, 1985, which conveyed the property at issue to decedent and the debtor. (Id.) On August 2, 1991, the decedent brought an action in the Delaware Court of Chancery ("Chancery Court") challenging the validity of this deed, and the lawsuit settled on March 3, 1994 with an oral agreement to partition the property; the decedent would receive the income producing portion and the debtor would receive the non-income producing portion. (Id.) Unfortunately, a written agreement was never executed before the decedent's death on March 25, 1996. (Id.)

5. Appellant alleges that in April 1996, the debtor began collecting rents from the shopping center despite the settlement agreement. (Id. at 7) On May 30, 1997, appellant, as administratrix of the decedent's estate, filed a motion in Chancery Court to enforce the settlement agreement, which the Chancery Court granted on June 3, 1998, and the Delaware Supreme Court affirmed on December 27, 1999. (Id. at 6) According to appellant, the debtor continued to collect the rental income and deposit it into accounts held jointly by him and appellee. (Id. at 12) Appellant filed a complaint in Chancery Court against the debtor on January 17, 2001 ("Chancery Action"), seeking an accounting and constructive trust for the allegedly misappropriated funds. (Id. at 6) In September 2001, the parties agree that the debtor stopped collecting the rental income. (D.I. 12 at 6)

4

6. On December 1, 2005, the Chancery Court granted a motion by appellant for leave to filed an amended complaint. *Hendry v. Hendry*, No. Civ. A. 18625-NC, 2005 WL 3359078, at *1 (Del. Ch. Dec. 1, 2005). The Chancery Court ruled that, although the motion was untimely, adding appellee would not change the nature or scope of the lawsuit, nor prejudice the appellee or debtor, and would promote fairness and judicial economy. *Id.* at *6. This was presumably a laches ruling. Appellant filed the amended complaint on December 6, 2005.[2] (D.I. 12 at 1)

7. On November 30, 2006, debtor filed for Chapter 7 bankruptcy protection and the Chancery Action was stayed. (D.I. 10 at 2) The bankruptcy court denied a motion for relief from stay filed by appellant on July 20, 2007, indicating the dispute would not be resolved in Chancery Court. (D.I. 2, ex. 1) Instead, the bankruptcy court directed debtor to initiate an adversary proceeding ("Adversary Action") to resolve the claim (i.e., as an objection to the claim), which debtor filed on August 7, 2007. (D.I. 2, ex. 2) On August 20, 2007, also under direction from the bankruptcy court, appellant answered the adversary complaint and included a third-party complaint against appellee. (D.I. 2, ex. 3) The bankruptcy court ordered appellee to move for summary judgment seeking dismissal of appellant's claims against her, which she did on October 12, 2007. (D.I. 2,

---

[2] Also on May 26, 2006, the Chancery Court ruled on, among other things, appellee's motions to dismiss appellant's complaint for failure to state a claim pursuant to Court of Chancery Rule 12(b)(6), and lack of standing pursuant to Court of Chancery Rule 17(a)–appellee argued that appellant was not the real party in interest. *Hendry v. Hendry*, Nos. Civ. A. 12236, 18625, 2006 WL 4804019 (Del. Ch. May 30, 2006). As to the 12(b)(6) motion, the Chancery Court granted in part (dismissing appellant's claim for an accounting) and denied in part (holding that appellant could conceivably prove conversion). *Id.* at *11. The Chancery Court denied the Rule 17(a) motion, finding that appellant, in her capacity as administratrix, was the real party in interest. *Id.* at *12.

5

ex. 1; D.I. 2, ex. 6)  On March 19, 2008, the bankruptcy court granted appellee's motion for summary judgement, dismissing all claims against her with prejudice, and appellant appealed that ruling to this court on March 31, 2008.  (D.I. 2, ex. 13)

8. **Analysis.**  Bankruptcy court sits in equity.[3]  The validity of a claim made by a creditor in a bankruptcy proceeding is resolved under the pertinent state law.[4]  Debtors may rely on available state law defenses, including the defense that a claim is time-barred under the applicable state statute of limitations.[5]  Third-party defendants in adversary actions can also avail themselves of state law defenses.[6]  Therefore, Delaware law controls the resolution of this appeal, a point on which the parties agree.

---

[3] See *Young v. United States*, 535 U.S. 43, 50 (2002) ("[B]ankruptcy courts . . . are courts of equity and apply the principles and rules of equity jurisprudence.").

[4] See *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The basic federal rule in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *Official Comm. of Asbestos Claimants v. Asbestos Prop. Damage Comm. (In re Federal-Mogul Global Inc.)*, 330 B.R. 133, 156 (D. Del. 2005) ("It is, after all, a general principle in bankruptcy law that, for bankruptcy purposes, state law governs the validity and amount of a claim.").

[5] See *AL Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp.*, 104 F.3d 601, 611 (3d Cir 1997) (recognizing that a statute of limitation defense is available to a debtor, deciding which of two New York statutes of limitations applies, and remanding to allow claims not time-barred under New York accrual law); *see also* 11 U.S.C. § 558 (indicating that an estate can utilize the same defenses as the debtor and explicitly mentioning a statute of limitations defense).

[6] See Fed. R. Civ. P. 14(a)(2)(C) (incorporated without change by Fed. R. Bankr. P. 7014); *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.*, Civ. No. 88-391-SLR, 1992 WL 391154 (D. Del. Dec. 14, 1992) (granting summary judgment for third-party defendant in an adversary proceeding because defendant's claims for implied indemnity and contribution failed under New York law); *In re R.A. Beck Builders, Inc.*, 66 B.R. 666 (Bankr. W.D. Pa.,1986) (granting summary judgment for third-party defendant in an adversary proceeding because third-party defendant was immune under Pennsylvania statute and case law ).

(D.I. 10 at 16; D.I. 12 at 12)

9. **Laches applies.** The parties dispute whether the Delaware statue of

limitations, 10 Del. C. § 8106, or laches applies in this case. (D.I. 10 at 16; D.I. 12 at

13; D.I. 13 at 6) Under Delaware law, a statute of limitations does not automatically

apply in a court of equity; laches does.[7] Since the bankruptcy court sits in equity, the

laches doctrine controls here. Still, an analogous statute of limitations is given

significant weight when the timeliness of a claim is evaluated under laches.[8] In fact,

courts do not apply a traditional laches analysis[9] when utilizing a statute of limitations by

analogy.[10] Instead, courts use the analogous statute of limitations as a presumptive

---

[7] *See Adams v. Jankouskas*, 452 A.2d 148, 157 (Del. 1982) (stating that a statute of limitations is not controlling in equity); *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1064 (Del. Ch. 1989) ("A statute of limitations period at law does not automatically bar an action in equity because actions in equity are time-barred only by the equitable doctrine of laches.").

[8] *See Adams*, 452 A.2d at 157 ("[A]bsent unusual circumstances, the analogous statute of limitations will be given great weight in deciding whether the plaintiff's claim is barred by laches."); *see also Walker v. West Michigan Nat. Bank & Trust*, 324 F. Supp. 2d 529, 536 (D. Del. 2004) ("In considering whether laches ought to apply, the court may take guidance from the statute of limitations as to the reasonableness of the delay but must consider the totality of the circumstances.").

[9] The traditional laches analysis "generally requires the establishment of three things: first, knowledge by the claimant; second, unreasonable delay in bringing the claim; and third, prejudice to the defendant." *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 210 (Del. 2005). "What constitutes unreasonable delay and prejudice are questions of fact that depend upon the totality of the circumstances." *Hudak v. Procek*, 806 A.2d 140, 153 (Del. 2002).

[10] *See Bokat v. Getty Oil Co.*, 262 A.2d 246, 251 (Del. 1970) (affirming grant of summary judgment for corporate officers on derivative actions for money damages against them because the statute of limitations, 10 Del. C. § 8106, had run); *State ex rel. Brady v. Pettinaro Enterprises*, 870 A.2d 513, 527 (Del. Ch. 2005) (stating that "when claims are barred by a controlling statute of limitations, a court of equity need not engage in a traditional laches analysis," and applying a statutory limitations period to a

7

time period for laches to bar a claim.[11] A delay beyond the statutory period is

presumptively unreasonable.[12] So here, the three-year statute of limitations applies by

analogy in the laches analysis to presumptively establish unreasonable delay.

10. **Accrual of appellant's claim.** Since appellant's claim accrued more than

three years before August 20, 2007, the date appellant filed the third-party complaint

against appellee in the Adversary Action, there was a presumptively unreasonable

delay in bringing the cause of action, and the delay is presumptively prejudicial.

Therefore, the bankruptcy court committed no legal error in granting summary judgment

to appellee.

11. Under Delaware law, a cause of action accrues at the time of the allegedly

wrongful conduct, even if the plaintiff is unaware of the wrong.[13] A cause of action in

claim for an injunction); *Kerns v. Dukes*, No. Civ.A.1999-S, 2004 WL 766529, *3 (Del. Ch. Apr. 2, 2004) ("If the claim is barred under the statute of limitations, the Court need not engage in a traditional laches analysis.").

[11] *See United States Cellular Inv. Co. v. Bell Atl. Mobile Sys.*, 677 A.2d 497, 502 (Del. 1996) (applying 10 Del. C. § 8106 to a claim for breach of a partnership agreement in Chancery Court); *Acierno v. Goldstein*, No. 20056, 2004 WL 1488673, *3 (Del. Ch. June 25, 2004) (applying 10 Del. C. § 8106 to claims of trespass to land, trespass to chattels, trespass to timber and conversion, and stating that "[d]elays of greater length [than the limitations period] may bar a claim absent circumstances that would make the imposition of the limitations period unjust.").

[12] *See State ex rel. Brady v. Pettinaro Enterprises*, 870 A.2d at 527 ("[The] statutes of limitations that apply to actions at law are deemed to establish a time period beyond which delay in bringing a claim is presumptively unreasonable for purposes of applying laches.").

[13] *See Mastellone v. Argo Oil Corp.*, 82 A.2d 379, 383 (Del. 1951) (holding that a cause of action for conversion accrued when a stock certificate for plaintiff's stock was wrongfully issued to defendant, not when the plaintiff found out about the transfer); *Winner Acceptance Corp. v. Return on Capital Corp.*, Civil Action No. 3088-VCP, 2008 WL 5352063, *14 (Del. Ch. Dec. 23, 2008) (stating that a cause of action for fraud,

tort accrues at the time of injury.[14]  Here, the allegedly wrongful conduct and injury occurred at the same time, when the funds were allegedly misappropriated.

12.  At oral argument, the bankruptcy court concluded that the third-party complaint was time-barred, based on the reasoning that, by "1994, there was an agreement that said David Hendry was entitled to the income-producing property – from that time on it was very clear that David Hendry was entitled to the income producing property and any act by anybody to interfere with that ability to claim the income producing property interfered with that ability, was the basis for a suit and should have included a suit againt any and everybody who interfered, Maryann and Gordon Hendry included." (D.I. 2, ex. 12 at 44)

13.  The subsequent course of litigation supports this conclusion.  Appellant filed a motion in 1997 to enforce the 1994 settlement agreement, which motion was granted and affirmed by 1999.  Appellant filed a second action in Chancery Court in January 2001 seeking a constructive trust for the debtor's misappropriation of the rental income. Although the parties now agree that the conduct stopped in 2001, appellant sought for the first time to implicate appellee by an amended complaint filed in December 2005. All this action was in furtherance of the rights acquired by appellant in 1994.  It, therefore, was not erroneous for the bankruptcy court to conclude that appellant knew, or should have known, by 1997 (certainly by 2001) that appellee was potentially liable.

---

conversion and unjust enrichment accrues "at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action").

[14] See Winner Acceptance Corp., 2008 WL 5352063 at *14; Kaufman v. C.L. McCabe & Sons, Inc., 603 A.2d 831, 834 (Del. 1992) ("A cause of action in tort accrues at the time of injury.").

14. **Relating-back analysis is inapplicable**.  The parties dispute whether the amended complaint in the Chancery Action relates back to the original complaint, thus bringing it within the statutory period.  But the relation back principle makes no sense in this context.  Clearly the bankruptcy court did not consider the Chancery Court's 2005 decision as to laches binding, and this belief was correct because the Adversary Action is a separate and independent proceeding.[15]  It, therefore, is inappropriate to analyze this case as if it were a continuation of the Chancery Action.  The statutory period has run; the Adversary Action was filed on August 20, 2007, while appellant's rights were clearly established as early as 1997 (Chancery Court action to enforce the settlement) and no later than 2001 (new Chancery Action).  The delay until 2007 is presumptively unreasonable and prejudicial, barring the action under laches and leaving no genuine issue in dispute.  Therefore, the bankruptcy court did not err by granting appellee's motion for summary judgment.

---

[15] *See In re Indian Palms Assocs.*, 61 F.3d 197, 204 (3d Cir. 1995) (stating that an adversary proceeding "is an independent litigation" and, in some instances, documents filed in the underlying bankruptcy proceeding cannot be used in the related adversary action).

15. **Conclusion.**  For the reasons explained, the court affirms the bankruptcy court's March 19, 2008 order dismissing all claims against appellee.  (D.I. 2, ex. 13)

United States District Judge